ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| JOSÉ MIGUEL SASTRE HERNÁNDEZ; LUZ ENELIDA SASTRE HERNÁNDEZ, MANUEL ÁNGEL SASTRE VEGA, BETZAIDA SASTRE COLÓN, VÍCTOR MANUEL SASTRE COLÓN, ÁNGEL M. SASTRE COLÓN y BLANCA IRIS SASTRE COLÓN<br><br>Parte con Interés<br><br><br><br>V.<br><br><br>EUGENIO SASTRE FERNÁNDEZ<br><br>Parte Peticionaria | TA2025CE00199 | *CERTIORARI* procedente del Tribunal de Primera Instancia de Arecibo<br>_____<br>Caso Núm.: MT2021CV00252<br>_____<br>SOBRE: DIVISIÓN O LIQUIDACIÓN DE LA COMUNIDAD DE BIENES HEREDITARIOS |

Panel integrado por su presidenta la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a 4 de septiembre de 2025.

Comparece ante nos Eugenio Sastre Fernández (en adelante "peticionario") para solicitar la revocación de la *Orden*[1] emitida el 24 de junio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en adelante "TPI"). Mediante dicha Orden, el foro primario declaró *NO HA LUGAR* la *Moción Solicitando Autorización Judicial* […][2] donde el peticionario solicitó Autorización Judicial para retirar el dinero de una venta de una propiedad inmueble, que se encontraba consignado en el Tribunal a nombre de su padre, quien fue declarado ausente.

---

[1] Véase Entrada #26 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[2] Véase Entrada #25 de SUMAC TPI.

Por los fundamentos que exponemos a continuación, se **deniega** el recurso de ***certiorari***.

-I-

En lo pertinente a la controversia que nos ocupa, el 8 de junio de 2022, el TPI autorizó la venta de un bien inmueble, inscrito a nombre de Benigno Tomás Sastre Hernández (en adelante "ausente") y sus hermanos, proveniente de una herencia. Ordenó también que la participación correspondiente al ausente se consignara en la Unidad de Cuentas de la Secretaría del Tribunal.[3]

Por otro lado, el 24 de julio de 2024, el peticionario fue designado como Administrador de los bienes y las obligaciones del ausente, quien es su padre, para todos los fines legales pertinentes, y se ordenó que dicha Declaración de Ausencia se hiciera constar en el Registro de Ausentes.[4]

Luego de varios tramites procesales, el 9 de junio de 2025, el peticionario presentó una *Moción Solicitando Autorización Judicial* […][5] en la que solicitó al TPI Autorización Judicial para retirar y disponer del dinero consignado en el Tribunal, como Administrador de los bienes de su padre ausente. El TPI, por su parte, el 24 de junio de 2025, declaró *NO HA LUGAR* la Moción presentada, bajo el fundamento de que no procede la disposición de los bienes del ausente, hasta que se declare su presunta muerte.[6]

Inconforme, el peticionario acude ante nos mediante una *Petición de Certiorari*[7] y señala el siguiente error:

---

[3] Véase Entrada #16 de SUMAC TPI.
[4] Véase Entrada #25 de SUMAC TPI.
[5] Véase Entrada #25 de SUMAC TPI.
[6] Véase Entrada #26 de SUMAC TPI.
[7] Véase Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE ARECIBO, AL DECLARAR NO HA LUGAR LA MOCIÓN SOLICITANDO AUTORIZACIÓN JUDICIAL BAJO LA REGLA 21.1, DE PROCEDIMIENTO CIVIL, *supra*; PRESENTADA POR EL PETICIONARIO.**

Examinado el escrito y documentos que obran en autos, procedemos a resolver.

### -II-

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[8] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[9]

Al presentarse un recurso de *certiorari* de naturaleza Civil, es preciso evaluarlo a la luz de la Regla 52.1 de Procedimiento Civil[10]. Como es sabido, la mencionada regla es la disposición reglamentaria que regula todo lo relacionado a la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia.[11] Dicha Regla limita la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias dictadas por los tribunales de instancia por medio del recurso discrecional de *certiorari*. Posterior a su aprobación, dicha Regla fue enmendada nuevamente por la Ley 177-2010[12], y dispone, en parte:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias

---

[8] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016), citando a *García v. Padró*, 165 DPR 324, 334 (2005).
[9] *Pueblo v. Díaz de León*, 176 DPR 913 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).
[10] 32 LPRA Ap. V, R.52.1.
[11] *Municipio v. JRO Construction*, 201 DPR 703, 709 (2019).
[12] Reglas de Procedimiento Civil, Enmienda Regla 52.1, Ley Núm. 177-2010.

dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.[13]

Establecido lo anterior, es preciso recordar que, si bien el auto de *certiorari* […] es un vehículo procesal discrecional, la discreción del tribunal revisor no debe hacer abstracción del resto del derecho.[14] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[15]

La discreción judicial "no se da en un vacío ni en ausencia de unos parámetros".[16] Recordemos que, a fin de que el Tribunal de Apelaciones pueda ejercer su discreción de manera prudente, la Regla 40 de su

---

[13] 32 LPRA Ap. V, R.52.1
[14] *Municipio v. JRO Construction, supra; IG Builders v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008); *García v. Padró*, 165 DPR 324 (2005).
[15] *Id.; IG Builders v. BBVAPR, supra; Torres Martínez v. Torres Ghigliotty*, supra; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).
[16] *Id.; IG Builders v. BBVAPR, supra*, pág.338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

Reglamento[17] establece los criterios que dicho foro debe considerar al determinar si procede o no expedir un auto de *certiorari*.[18] En particular, esta Regla dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[19]

El Tribunal Supremo de Puerto Rico ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error

---

[17] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 60, 215 DPR _ (2025).
[18] *Municipio v. JRO Construction, supra.*
[19] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *supra.*

manifiesto.[20] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia, salvo que incurra en algunas de las conductas previamente mencionadas.

## -III-

En la controversia que nos ocupa, el peticionario señala que erró el foro de instancia al declarar *NO HA LUGAR* la Moción Solicitando Autorización Judicial Bajo la Regla 21.1, de Procedimiento Civil, *supra*.

Según el peticionario, al ser el Administrador de los bienes y obligaciones de su padre ausente, este tiene un interés en retirar y disponer del dinero consignado en el Tribunal, con el fin de mantener una propiedad de su padre ausente y proteger su patrimonio.

Sin embargo, luego de examinar minuciosamente el recurso ante nos, y de revisar los criterios establecidos por la Regla 52.1 de Procedimiento Civil, al igual que la Regla 40 del Reglamento del Tribunal de Apelaciones, concluimos que no existen razones que justifiquen nuestra intervención con la determinación del foro primario. Solo debemos intervenir con las determinaciones hechas por el foro de instancia cuando se pruebe que dicho foro actuó con perjuicio o parcialidad, que haya incurrido en craso abuso de discreción, o que haya incurrido en error manifiesto. Salvo que incurra en una de las conductas mencionadas, el foro primario merece nuestra deferencia.

En el caso de autos, el peticionario no nos ha puesto en posición de concluir que el foro primario haya incurrido en tales conductas. Solo se limitó a discutir

---

[20] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 726 (2018).

la figura de administrador, y es que, de ninguna manera el TPI limitó o redujo su designación como administrador de los bienes de su padre ausente. De hecho, la denegatoria por parte del TPI descansó solo en que la solicitada disposición de los bienes del ausente no procede HASTA TANTO se declare la muerte presunta del ausente.

### -IV-

Por los fundamentos antes expuestos, se **deniega** la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*